HOUSER & ALLISON, APC
Eric D. Houser, Esq. #130079
ehouser@houser-law.com
9970 Research Drive
Irvine, CA 92618
Telephone:  (949) 679-1111
Facsimile:  (949) 679-1112

REILLY POZNER & CONNELLY LLP
Daniel M. Reilly, Esq. (*Pro Hac Vice*)
dreilly@rplaw.com
Jason M. Lynch, Esq. (*Pro Hac Vice*)
jlynch@rplaw.com
Michael A. Rollin, Esq., SBN 251557
mrollin@rplaw.com
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone:  (303) 893 6100
Facsimile:  (303) 893-6110
*Attorneys for Plaintiff Aurora Loan Services LLC and Cross-Defendants Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc.*

PFEIFER & REYNOLDS, LLP
MICHAEL R. PFEIFER, SBN 072245
mpfeifer@pfeiferlaw.com
JAMES P. FINERTY, SBN 115611
jfinerty@pfeiferlaw.com
765 The City Drive South, Suite 380
Orange, CA 92868
Telephone:  (714) 703-9300
Facsimile:  (714) 703-9303
*Attorneys for Defendant NBGI, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC f/k/a AURORA LOAN SERVICES, INC.<br><br>Plaintiff,<br>vs.<br>NBGI, Inc. d/b/a NATIONAL BANKERS GROUP, INC.<br><br>Defendant. | CASE NO. CV07-06501 GAF(RCx)<br><br>PROTECTIVE ~~PROPOSED~~ ORDER |
| NBGI, Inc., d/b/a NATIONAL BANKERS GROUP, INC., | |

1

```
                    Counter-Claimant
                    and
                    Cross-Claimant,
         v.
AURORA LOAN SERVICES LLC
f/k/a AURORA LOAN SERVICES,
INC; LEHMAN BROTHERS BANK,
FSB; and LEHMAN BROTHERS
HOLDINGS, INC.

Cross-Defendants.
```

Pursuant to the agreement of the parties as set forth in the foregoing Stipulation Protective Order,

**IT IS SO ORDERED.**

DATED this _____10/24_____, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE

HOUSER & ALLISON, APC
Eric D. Houser, Esq. #130079
9970 Research Drive
Irvine, CA 92618
Telephone:  (949) 679-1111
Facsimile:  (949) 679-1112
Email: ehouser@houser-law.com

REILLY POZNER & CONNELLY LLP
Daniel M. Reilly, Esq. (*Pro Hac Vice*)
Jason M. Lynch, Esq. (*Pro Hac Vice*)
Michael A. Rollin, Esq., #251557
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone:  (303) 893 6100
Facsimile:  (303) 893-6110
Email: dreilly@rplaw.com
Email: jlynch@lrplaw.com
Email: mrollin@rplaw.com
*Attorneys for Plaintiff Aurora Loan Services LLC and Cross-Defendants Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc.*

PFEIFER & REYNOLDS, LLP
MICHAEL R. PFEIFER, SBN 072245
JAMES P. FINERTY, SBN 115611
765 The City Drive South, Suite 380
Orange, CA 92868
Telephone:  (714) 703-9300
Facsimile:  (714) 703-9303
Email: mpfeifer@pfeiferlaw.com
Email: jfinerty@pfeiferlaw.com
*Attorneys for Defendant NBGI, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC f/k/a AURORA LOAN SERVICES, INC.<br><br>Plaintiff,<br>vs.<br>NBGI, Inc. d/b/a NATIONAL BANKERS GROUP, INC.<br><br>Defendant. | CASE NO. CV07-06501 GAF(RCx)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |
| NBGI, Inc., d/b/a NATIONAL BANKERS GROUP, INC., | |

1

| | |
|---|---|
| 1 | Counter-Claimant |
| 2 | and Cross-Claimant, |
| 3 | v. |
| 4 | AURORA LOAN SERVICES LLC f/k/a AURORA LOAN SERVICES, INC; LEHMAN BROTHERS BANK, FSB; and LEHMAN BROTHERS HOLDINGS, INC. |
| 5 | |
| 6 | Cross-Defendants. |

WHEREAS, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties to this action and the related cross-action (collectively, the "Action") are required to provide copies of documents in support of their claims and defenses in the Action to each other; and

WHEREAS, the parties anticipate that discovery requests demanding the production of documents may be served necessitating the production of documents; and

WHEREAS, the documents to be produced by the parties to the Action may contain confidential, personal, or private information subject to the privacy rights of the parties or of non-parties including, but not limited to, the borrowers on mortgage loans originated by any parties to the Action; and

WHEREAS, in order to provide for both the production and protection of the requested documents, as well as the protection of the rights of those whose information may be contained within the documents to be produced;

NOW THEREFORE, subject to the approval of this Court, the parties to the Action, Plaintiff and Counter-Defendant Aurora Loan Services, LLC ("Aurora"), Defendant and Counter-Claimant NBGI, Inc. ("NBGI"), Counter-Defendant Lehman Brothers Bank, FSB ("LBB"), and Counter-Defendant Lehman Brothers Holdings, Inc. ("LBH"), by and through their respective counsel, hereby stipulate to the following protective order:

1.   In connection with the parties' required initial disclosures and discovery proceedings between each other in the Action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Stipulation for Protective Order (hereinafter, "Order"). Confidential information is information which has not been made public and which includes the personal financial or other private information of third parties, including without limitation information relating to their income, assets, liabilities, bank accounts, credit score, home or work information, and other personal and private information, which may have the effect of causing harm to the parties or violate their privacy rights if disclosed. Confidential information is also information which has not been made public and which may include without limitation the processes, operations, type or work, or apparatus, or the production, sales, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, expenditures of any persons, firm, partnership, corporation or other organization, and information entitled to protection as "trade secrets," as that term is defined in California Civil Code section 3426.1, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or other organization if disclosed.

By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

2.   Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL" or by designating the documents with the word "CONFIDENTIAL" through some other

means, including, for example, writing the words "CONFIDENTIAL" on a CD disk or typing it on the front of a CD disk cover.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing each proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. Deposition transcripts and exhibits thereto may also be designated as Confidential during a period of thirty (30) days (or such longer period if the Parties so agree) after receipt by a Party of the deposition transcript from the court reporter by giving notice as set forth in Paragraph 7 herein and making arrangements with the court reporter for separately binding the Confidential Material. Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential and each person requesting a transcript and/or copies of exhibits shall, at the time of the deposition, sign a copy of the Non-Disclosure Agreement attached hereto as Exhibit "A".

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of the Action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of the Action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of the Action;

    (c) court reporter(s) employed in the Action;

    (d) a witness at any deposition or other proceeding in the Action; and

    (e) any other person as to whom the parties in writing agree.

  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A," a copy of which shall be provided forthwith to counsel for each other party and for the parties.

  6. Depositions shall be taken only in the presence of qualified persons.

  7. If a Party inadvertently fails to designate material as Confidential upon its production, such Party may subsequently, within ten (10) days of the initial production, designate such material as Confidential by giving written notice to the parties having received the material and providing properly marked or designated copies within fifteen (15) days of such notice.

  8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter, "Attorney's Eyes Only Material"), in the manner described in paragraphs 2, 3 and 7 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in

Case 2:07-cv-06501-GAF-RC   Document 40   Filed 10/24/08   Page 8 of 11   Page ID #:314

subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Any Party (the "Requesting Party") may at any time request in writing that any material designated as Confidential or Attorneys Eyes Only be released from the requirements of this Order, and, unless otherwise agreed in writing, the Party producing such material ("Producing Party") shall meet and confer with the Requesting Party within ten (10) days of receipt of such request. If an agreement cannot be reached by negotiation, the Requesting Party may file a motion seeking to de-designate the document. In the event that such motion is made in accordance with the procedures herein and applicable rules of this Court, the Confidential or Attorney's Eyes Only Material shall be submitted to the Court under seal for the Court's review, and the terms of this Order shall continue to apply to such Confidential or Attorney's Eyes Only Material until the Court rules on the motion. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in the Action, whether or not material is also obtained through discovery in the Action, or from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

12. In the event that any Confidential Material is used in any court proceeding in the Action, it shall not lose its confidential status through such use,

and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the rights of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; or (iii) to object to the use, relevance or admissibility at trial or otherwise of any material exchanged by the parties pursuant to this Order. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to the Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. This Order shall survive the final termination of the Action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed thereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as Confidential or Attorney's Eyes Only Material and all copies of same, or shall certify the destruction thereof.

DATED: October 14, 2008          PFEIFER & REYNOLDS, LLP


By: *s/ Michael R. Pfeifer*
   MICHAEL R. PFEIFER, Esq.
   JAMES P. FINERTY, Esq.
Attorneys for Defendant NBGI, INC.


DATED: October 14, 2008          REILLY, POZNER & CONNELLY, LLP


By: *s/ Michael A. Rollin*
   DANIEL M. REILLY, Esq.
   JASON M. LYNCH, Esq.
   MICHAEL A. ROLLIN, Esq.

and

HOUSER & ALLISON, APC


By: *s/ Eric D. Houser*
   ERIC D. HOUSER, Esq.

Attorneys for Plaintiff and Counter-Defendant AURORA LOAN SERVICES, LLC, and Counter-Defendants LEHMAN BROTHERS BANK, FSB, and LEHMAN BROTHERS HOLDINGS, INC.

## Attachment "A"
## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation for Protective Order entered in the _Aurora Loan Services, LLC v. NBGI, Inc._ action, United States District Court for the Central District of California, Case No. CV07-06501 GAF(RCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____    By:_____

280886